IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Donna Shirey,

    Plaintiff,

v.

PNC Bank, National Association,

    Defendant.

Case No: 2:20-cv-5337

Judge Graham

Magistrate Judge Vascura

## Opinion and Order

Plaintiff Donna Shirey, an Ohio resident, brings this action in diversity against her former employer, PNC Bank, a Pennsylvania corporation. Shirey alleges that PNC terminated her due to her age in violation of Ohio Revised Code § 4112.02(A). This matter is before the Court on PNC's unopposed motion for summary judgment. For the reasons that follow, the motion is granted.

**I.    Background[1]**

In August 2019 Shirey interviewed with a PNC recruiter for the position of Relationship Banker at PNC's Henderson Road location in Columbus, Ohio. She next met with a PNC regional manager and was later offered the position. This was an unlicensed position, which meant that Shirey would have to give up her securities license (which she had obtained in her previous job) or place it on inactive status if she were to accept the job at PNC.

Shirey accepted the offer and began work on September 9, 2019 as a Relationship Banker. She was 56 years old at the time she started. As a new hire, she was subject to a 90-day probationary period during which she could be terminated for inappropriate conduct without the benefit of PNC's progressive disciplinary process. Shirey attended training and a new employee orientation. She was given PNC's Employee Manual, which provided that "unprofessional or discourteous behavior" or the failure to obey supervisors during the probationary period could result in immediate termination.

In October 2019, Shirey's coworkers reported that she had been making critical remarks and creating interpersonal conflicts with a branch teller and with the branch's financial advisor. It was also reported that Shirey had presented herself to customers as a licensed financial advisor.

---

[1] The following recitation of facts is drawn from the depositions and other evidentiary materials attached to PNC's unopposed motion for summary judgment. The complaint is not verified.

Lisa Pickering, a senior Vice President and regional manager, was concerned by the reports regarding Shirey's behavior. Pickering and Sandy Zimmerman, an executive Vice President and manager, visited the branch to speak with the employees who had made the reports. They then spoke to Shirey and gave her direct guidance on her "limited role" as a Relationship Banker and on the importance of "teamwork." They cautioned her not to talk with clients about investments and not hold herself out as a financial advisor.

Zimmerman received additional complaints about Shirey causing conflict in the workplace and holding herself out as a financial advisor. An employee also informed Zimmerman that Shirey had threatened her not to disclose critical remarks Shirey had made about Shirey's work situation. Zimmerman decided to recommend that Shirey's employment be terminated, and she prepared a New Hire Probationary Report on November 13, 2019 to that effect. PNC approved Zimmerman's recommendation.

On November 18, Zimmerman met with Shirey and notified her of PNC's decision to terminate her employment. Zimmerman explained that Shirey, in holding herself out as a licensed financial advisor, was violating PNC policy and exposing it to risk. Zimmerman further cited Shirey's conflicts with other employees, the threat Shirey made against a coworker, and her failure to heed warnings from supervisors to cease engaging in such behavior.

Shirey filed this lawsuit, asserting a single cause of action for age discrimination under Ohio law. The complaint asserts that Shirey's age was the true reason for her termination.

PNC has moved for summary judgment, arguing that: (1) plaintiff is unable to establish a *prima facie* case of discrimination; (2) PNC had legitimate, nondiscriminatory reasons for terminating plaintiff's employment; and (3) plaintiff is unable to show that PNC's reasons are pretextual.

**II.   Standard of Review**

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005).

The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also Longaberger*, 586 F.3d at 465. "Only disputed material facts, those 'that might affect the outcome of the suit under the governing law,' will preclude summary judgment." *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008) (quoting *Anderson*, 477 U.S. at 248). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

Under the Court's local civil rules, plaintiff's failure to oppose the motion does not automatically entitle defendant to summary judgment. *See* S.D. Ohio Local Civ. R. 7.2(a)(2). However, as will be discussed below, defendant has successfully carried its evidentiary burden under Rule 56 and plaintiff has failed to submit any evidence which would create a genuine issue of material fact.

### III. Discussion

Ohio Revised Code §§ 4112.02(A) and 4112.14 prohibit discrimination on the basis of age (defined as age 40 or older) with respect to employment. Ohio courts analyze claims of age discrimination consistent with how federal age discrimination claims are analyzed, applying the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002); *Cason v. Int'l Truck & Engine Corp.*, 492 F. Supp. 2d 802, 811 (S.D. Ohio 2005).

Where, as here, plaintiff offers no direct evidence of discrimination, plaintiff must first establish a prima facie case of discrimination by showing that she: (1) was a member of the statutorily-protected class, (2) suffered an adverse employment action, (3) was qualified for the position she held or sought, and (4) was replaced by a person of substantially younger age or that similarly-situated employees of younger age were treated more favorably. *See Coryell v. Bank One Tr. Co. N.A.*, 101 Ohio St.3d 175, 180 (2004); *Peters*, 285 F.3d at 469–70.

PNC's motion for summary judgment is directed to the fourth element of the prima facie case. PNC has demonstrated that it replaced Shirey with an employee who was at least one year older than Shirey. Doc. 36-6 at ¶ 29; Doc. 36-12 at ¶ 11. Plaintiff has not attempted to dispute PNC's factual showing. Moreover, plaintiff has failed to show that she was treated less favorably

3

than similarly-situated employees of a younger age. The Court notes that the complaint contains no factual allegations that younger, similarly-situated employees were treated better than Shirey.

The Court thus finds that PNC is entitled to summary judgment because plaintiff has failed to demonstrate a prima facie case of age discrimination.

Even if plaintiff could meet her prima facie burden, the Court alternatively finds that PNC has established that it had legitimate, nondiscriminatory reasons for terminating Shirey's employment. *See Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 582 (1996); *Peters*, 285 F.3d at 470. PNC has documented that its managers received multiple, credible reports that Shirey was improperly holding herself out as a licensed financial advisor. *See* Doc. 36-6 at ¶¶ 14, 24; Doc. 36-7 at pp. 17–18; Doc. 36-10; Doc. 36-12 at ¶ 10; Doc. 36-13. Further, Shirey's coworkers complained that she was disruptive, critical and had made threats. *See* Doc. 36-6 at ¶¶ 14–15, 22–23; Doc. 36-7 at pp. 17–22; Doc. 36-10; Doc. 36-12 at ¶ 10; Doc. 36-13. Finally, Shirey's behavior continued even after her supervisors cautioned her to cease engaging in such conduct. *See* Doc. 36-6 at ¶ 25; Doc. 36-10; Doc. 36-12 at ¶ 10; Doc. 36-13. Under PNC's policies, her behavior during the probationary period warranted immediate dismissal. *See* Doc. 36-5 at p. 37.

Plaintiff has not attempted to dispute PNC's factual showing or demonstrate that PNC's reasons for terminating her employment were pretextual. *See Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009) (plaintiff can establish pretext by showing that the proffered reasons had no basis in fact, did not actually motivate the employer's action, or were insufficient to motivate the employer's action).

**IV. Conclusion**

Accordingly, PNC's motion for summary judgment (doc. 35) is GRANTED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: May 4, 2022